IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TONI MARIE DAVIS, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-21-2904 |
| JOSEPH ROBINETTE BIDEN, JR., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant President Joseph Robinette Biden, Jr. ("Defendant") moves this court to dismiss *pro se* Plaintiff Toni Marie Davis's ("Plaintiff") Amended Complaint (ECF No. 4).[1] ECF No. 24. Plaintiff responded by filing a Motion to Deny Dismissal of Complaint. ECF No. 27. Although Plaintiff titles the filing as a "motion," it is more aptly characterized as a response in opposition to Defendant's Motion. Plaintiff subsequently filed a Motion to Add to Motion to Deny Dismissal of Complaint. ECF No. 27. Defendant then replied. ECF No. 28. After considering Defendant's Motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendant's Motion (ECF No. 24) is GRANTED, and Plaintiff's Motion (ECF No. 27) is DENIED.

### **BACKGROUND**

On November 12, 2021, Plaintiff, *pro se*, filed a Complaint in this Court against Defendant and "The Federal Government." ECF No. 1. This Court found that Plaintiff had failed both to demonstrate standing and to provide a statement of facts detailing her claims, but she was afforded

---

[1] This case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07 and 28 U.S.C. § 636(c). ECF Nos. 8, 19.

1

the opportunity to amend. ECF No. 3. The Court also terminated "The Federal Government" because it was not an appropriately named Defendant. *Id.* Plaintiff then filed the Amended Complaint on January 5, 2022 again against "The Federal Government"[2] and Defendant, asserting violations of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1985, and 18 U.S.C. § 241. Plaintiff alleges that she was "kick[ed] out" of Towson University for failure to comply with the school's vaccination policy, a policy that, according to Plaintiff, Defendant emboldened and encouraged Towson University to adopt through its implementation of the federal vaccination mandate relating to COVID-19. ECF No. 4 ¶¶ 2, 3. Notably, Defendant's Executive Orders announcing various federal vaccination mandates were issued on September 9, 2021.[3] The letters from Towson University to Plaintiff concerning its vaccination policy, however, were sent as early as July 28, 2021. *See* ECF No. 4-1.

Plaintiff asserts multiple charges, including: "Intentional conflict of emotional stress and harassment," "Violation of the 14th Amendment of the United States Constitution," "Conspiracy to interfere with civil rights," "Conspiracy against rights," "Invasion of Privacy," "Intrusion of Solitude," "Appropriation of Name or Likeness," "Public Disclosure of Private Facts," and "False Light." *Id.* at 5–15. Plaintiff's response to the pending Motion clarifies the basis of her claims; she "charg[es] the President and his employer[,] the Federal government[,] with violating the United States Constitution, Federal Law 42 [U.S.C. §] 241—Conspiracy to interfere with civil rights, and Federal Law 18 [U.S.C. §] 241 conspiracy against rights." ECF No. 26 at 1. Plaintiff's reference to 42 U.S.C. § 241 appears to be an error and instead is intended to assert a claim under 42 U.S.C.

---

[2] The Court's earlier Order is still applicable, and therefore the Federal Government is not a proper party to this action. *See* ECF No. 3.
[3] *See* Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021); Executive Order 86 Fed. Reg. 50,989 (Sept. 9, 2021).

2

§ 1985(3). *See* ECF No. 4 at 3. Defendant now brings the present Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 24.

## DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed.R.Civ.P. 12(h)(3). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Defendant may pose a facial challenge to subject matter jurisdiction, asserting that the Complaint "fails to allege facts upon which subject matter jurisdiction can be based." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When reviewing a facial challenge to jurisdiction, the Court accepts the Complaint's allegations as true and denies the motion "if the [C]omplaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

At issue here, "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S.Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Therefore, "even a *pro se* complaint must be dismissed

3

if it does not allege a plausible claim for relief." *Wilson v. Wexford Health Sources, Inc.*, No. CV GLR-18-2175, 2020 WL 510332, at *4 (D.Md. Jan. 31, 2020) (citations omitted).

### B. Defendant's Motion

Defendant argues that the Court should dismiss Plaintiff's Amended Complaint because (1) sovereign immunity deprives this Court of subject matter jurisdiction, (2) Plaintiff lacks standing to bring her claims because her alleged injury is not traceable to Defendant's alleged conduct nor would a favorable decision redress her injury, and (3) the Amended Complaint fails to state a claim because it fails to provide that the federal vaccination mandate affected the implementation of Towson University's vaccine requirement. ECF No. 24-1 at 3–7. Plaintiff responds in turn that this Court has subject matter jurisdiction based on alleged violations of 42 U.S.C. § 1985 and 18 U.S.C. § 241 and that Defendant is not immune from suit because he acted outside the scope of his executive authority while in office. ECF No. 26 at 1, 4. She argues her injury is linked to Defendant because "[t]he CDC, the President, and OSHA have worked hand in hand and been all over TV together enforcing illegal new laws," and she provides a partial email exhibit detailing Towson's University's rationale for adopting a vaccination policy. *Id.* 2–3; ECF No. 26-1. For the reasons that follow, I find Defendant's jurisdictional arguments compelling and each independently warrant dismissal.[4]

1. <u>Sovereign Immunity</u>

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Relevant here, the President is subject to absolute

---

[4] Because I conclude that dismissal is warranted based on jurisdiction, I need not reach the merits of Plaintiff's claim and whether she has stated a claim upon which relief may be granted.

immunity "from damages liability arising from official acts." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Nixon v. Fitzgerald,* 457 U.S. 731 (1982)). A waiver of immunity "must be unequivocally expressed in a statutory provision, which the courts must construe in favor of the United States." *Johnson v. Devos*, 775 F.App'x 86, 87 (4th Cir. 2019) (quoting *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012)). Plaintiff bears the burden to show "an unequivocal waiver of sovereign immunity exists," and if she fails to do so, the claim must be dismissed. *Welch*, 409 F.3d at 651 (citing *Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995)). *See Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 802 (4th Cir. 2019) ("The plaintiff bears the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage."). Where sovereign immunity bars suit, the federal court lacks subject matter jurisdiction to hear the claims. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

Defendant is correct that Plaintiff has failed to allege a valid waiver of sovereign immunity to permit this Court's exercise of jurisdiction. Even considering Plaintiff's status as a *pro se* party, she has failed even to reference a possible waiver of sovereign immunity. She cites to three areas of law to support her claim: the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. § 1985, and 18 U.S.C. § 241. However, Plaintiff's pleadings cite to no waivers of Defendant's absolute immunity with respect to these laws.[5] Even assuming Plaintiff's Fourteenth Amendment refers to

---

[5] Moreover, the claims themselves are mostly bereft of the necessary pleading elements. 18 U.S.C. § 241 refers to a criminal offense, and "[a]llegations of criminal violations may only be initiated by a prosecutor." *Singfield v. Smith*, No. CV GLR-19-2030, 2021 WL 1087062, at *3 n.7 (D.Md. Mar. 19, 2021) (citing *Leeke v. Timmerman*, 454 U.S. 84, 86–87 (1981)). Moreover, 42 U.S.C. § 1985(3), requires allegations of a conspiratorial agreement and class-based, discriminatory animus. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

a Fourth Amendment constitutional violation, Defendant is still entitled to absolute immunity from such claims arising from his official acts. *See Nixon,* 457 U.S. at 749–50. Accordingly, Plaintiff has failed to allege a waiver of the Defendant's absolute immunity, and as a result, this Court lacks jurisdiction.

2. Standing

The jurisdiction of federal courts is limited under Article III of the Constitution to cases and controversies, and the doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court has identified three elements which constitute the "irreducible constitutional minimum of standing." *Id.* To establish standing, Plaintiff must show:

> (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan,* 504 U.S. at 560–561). The Supreme Court in *Lujan* addressed the standing analysis where allegations concern the defendant's alleged unlawful regulation of a third party. 504 U.S. at 562. It explained: "causation and redressability ordinarily hinge on" the third party's response to the defendant's action, and plaintiff bears the burden to "adduce facts showing that [the third party's] choices have been or will be made in such manner as to produce causation and permit redressability of injury." *Id.* Therefore, where a plaintiff is not the object of the government action she challenges, standing "is ordinarily substantially more difficult to establish." *Id.* (citations omitted).

Here, Plaintiff has failed to meet her burden to show that her alleged injury is traceable to Defendant's actions and that a favorable outcome would redress her injury—her removal from Towson University for her failure to comply with its vaccination policy. ECF No. 4 ¶ 2. Much of

6

Plaintiff's Amended Complaint takes issue with Defendant's "mandates regarding the vaccines and mask[s]," but it provides little connection between Defendant's official acts and Towson University's decision to implement its vaccination policy. *Id.* In fact, Towson University's vaccination policy appears to have predated Defendant's federal vaccination mandate, so her removal certainly is not "fairly traceable" to Defendant. *See* ECF No. 4-1. Moreover, even the argument that Towson University was emboldened and encouraged by guidance from the Centers for Disease Control and Prevention is not enough to show an injury traceable to Defendant. *See* ECF No. 26 at 2. "[M]uch more is needed" to prove standing than such cursory allegations where Plaintiff argues Defendant caused her injury through his "allegedly unlawful regulation" of Towson University. *See Lujan*, 504 U.S. at 562. For the same reasons, Plaintiff has not shown that, even if she were to receive a favorable outcome, Defendant's actions would impact Towson University's own policy such that her injury would be redressed. Accordingly, Plaintiff has not established that she has standing to bring the present action in this Court, and her lack of standing deprives this Court of jurisdiction.

Both Plaintiff's failure to allege a waiver of Defendant's absolute immunity and her lack of standing deprive this Court of jurisdiction over the claims asserted. Defendant's Motion to Dismiss is therefore GRANTED.

### C. Plaintiff's Motion

After responding to Defendant's Motion, Plaintiff filed a "Motion to Add to Motion to Deny Dismissal of Complaint." ECF No. 27. Plaintiff seeks to add to her response in opposition (ECF No. 26) that "[m]andatory Monkeypox mandates are coming if [the Court] does not stop [Defendant] now." *Id.* at 1. The Court will DENY this Motion. The request seeks to add allegations about possible future action and are not related to Plaintiff's underlying claim about her dismissal

from Towson University. The allegations included then are not properly before the Court, and the Motion to Add to Motion to Deny Dismissal of Complaint is DENIED.

## **CONCLUSION**

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 24) is GRANTED, and Plaintiff's Motion (ECF No. 27) is DENIED. A separate Order will follow.

Date: 29 June 2022

A. David Copperthite
United States Magistrate Judge